No. 14,408.

CITY OF SHREVEPORT vs. SHREVEPORT BELT RAILWAY COMPANY.

SYLLABUS.

1. The difference between plaintiff and defendant grows out of the measurement of defendant's "road-bed" in order to fix proportion of cost of paving due by defendant to plaintiff.

2. The statute looks only to the "road-bed" in fixing the amount. Plaintiff's contention is that this "road-bed" is seven feet wide, the defendant's that it is less. When ties are used, the rail rests on the inside and outside of the track the length of the ties. When girders or sleepers are used, the width of the "road-bed" is less. The "road-bed" consists of the foundation on which the superstructure rests. The rails are the superstructure and rest on the girders.

3. The proportion of the space being limited to the "road-bed," the court holds that it is without authority to take the outside of the track into account on the ground that the road is benefi̇ted by the adjacent pavement. "Road-bed" owes the proportion of cost of paving. This does not include part of the adjacent roadway on which rails do not rest.

A PPEAL from the First Judicial District, Parish of Caddo— Land, J.

*Edward Hughes Randolph,* City Attorney, for Plaintiff, Appellant.

*Wise & Herndon,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff brought this suit to recover the proportion of cost of paving streets in Shreveport in which the defendant Railway Company has its tracks.

The amount claimed by plaintiff is arrived at by taking seven feet as the width of construction for which it claims the defendant is liable, while on the other hand defendant's insistance is that it owes the cost of construction on the basis of a road-bed five feet and five-eights inches in width.

Heretofore wooden cross-ties were used in the construction of road-beds. They measured seven feet in width and this heretofore has been taken as the width of the road-bed itself and the cost of construction was fixed on that measurement.

This court has decided with reference to measurement for paving purposes, when cross-ties are used by the defendant company, that the road-bed must be taken as measuring seven feet in width; "that the cross-ties extend to a width of seven feet, it follows that the road-bed is seven feet wide." City of Shreveport vs. Railroad Co., 104 La. 276.

Of late years, in several cities, a change has been made and a new method of laying road-beds adopted. The defendant road adopted the new plan and used stringers or girders to support its rails. On defendant's theory, the superstructure of railroads is supported on this plan by a foundation less wide than under the old plan of construction.

Plaintiff's able counsel, in endeavoring to meet this theory, says that there has been no change in the width of the tracks and that they occupy superficially as many as seven feet of the track.

Tracing plaintiff's power of assessment in matter here to the statute number 10 of 1896, it is plainly evident that where a railway bed and track occupy a portion of the street it shall pay in proportion to the space occupied by its "road-bed." Section 2 of the statute. This has been interpreted by this court as extending to a width of seven feet, because that was the length of the ties taken as constituting the width of the bed.

Here there are no ties and it appears that the same weight as when ties were used is supported by a road-bed less wide. The gauge has remained the same, but the road-bed has been curtailed of its proportion. This road-bed alone is to be taken as the width in fixing defendant's proportion of costs. "The road-bed is the foundation." Elliot, Vol. 1, p. 5, San Francisco and Northern Pacific vs. State Board, 60 Cal. 34.

The word "road-bed," as relates to railroads, is the bed or foundation on which the superstructures of the railroad rest. Such is the definition given by both Worcester and Webster, and we think it correct. San Francisco vs. C. P. R. R. Co., 63 Cal.

"The rails in place constitute the superstructure resting upon the road-bed." R. R. vs. State Board, 60 California, p. 34.

The track is not supported and buttressed by the paved street on each side of the road-bed to such an extent as would warrant us in adhering to the first measurement, i. e., of seven feet, because of benefit derived thereby. If the bnefits be as great as contended for by plaintiff, they are not included within the road-bed. The law fixes the width, i. e., it specifically limits it to the road-bed. It is not left to us to fix it by reference to the benefit which may be received by other physical agencies not included in, or forming part of, the road-bed.

The extent of the adjacent support is lacking in certainty. Should we take the space of six inches on each side as the measure representing this support, the question would no longer be within the limit laid down in the statute, viz: the width of the road-bed, and should we consider this six inch strip we would be justified in construing the statute as including the whole space on each side of the road-bed, that is from curb to curb. This would be trenching upon legislative functions specially prohibited.

But plaintiff earnestly invokes the rule laid down in our own decision cited *supra* as one of property which should remain un-

changed. True when the facts upon which the rule is founded are about the same, the rule of *stare decisis* should govern, but if the defendant were to construct a narrow gauge road on a four foot foundation or road-bed, under the statute, the road-bed would represent the width for assessment of defendant's costs and not the adjacent concrete which forms no part of the road-bed. The argument of the learned counsel that on unpaved streets the defendant still uses the old cross-tie plan of laying its road seven feet in width, and that this is demonstration enough that the benefit derived is at least equal to the number of feet to make it seven as contended by plaintiff would be unanswerable were it not for the limitation to "road-bed" upon which we have heretofore dwelt. The argument for plaintiff sets forth that there is already trouble about the superstructure of the track and in order to build and strengthen the concrete cubes it would disturb and weaken at least a foot of the street on the outside of each bed. There is testimony in support of the argument. We infer that the necessity of these changes or repairs is very remote, besides if it should arise in our view it would devolve upon the defendant to make the repairs at its costs.

Moreover, a question very similar was passed upon in the case before cited, from which we quote: "The idea in fixing upon a width of seven and three-quarters feet, being that the cross-ties are seven feet long and that in renewing them it would be necessary to disturb the pavement for several inches on either side, where it is shown that by cutting a defective tie in the middle it may be drawn from either end and hence that the excavation need not be wider than the length of the tie." (This is in substance one of defendant's answers to one of plaintiff's demands.) "Beyond which it is also shown that as the roads in question are built, it is not contemplated that the ties will ever be renewed." This is precisely the position of defendant now with reference to its girders, concrete, and rails; that it is not contemplated that they will require renewal.

The legislative will leaves no room for interpretation that would include anything outside of the line of the road-bed. It only remains for us to affirm the judgment.

For reasons assigned, it is affirmed.

BLANCHARD, J., recused on account of interest in the result.